| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 9/21/2017 |
|---|---|---|
| ------------------------------------------------------------ X | | |
| LUCIA VLAD-BERINDAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 14-CV-10304 (VEC)(DF) |
| -against- | : | |
| | : | ORDER ADOPTING REPORT & |
| NYC METROPOLITAN TRANSPORTATION | : | RECOMMENDATION |
| AUTHORITY, MTA NEW YORK CITY | : | |
| TRANSIT, MTA NEW YORK CITY TRANSIT | : | |
| AUTHORITY, NEW YORK CITY TRANSIT, | : | |
| | . | |
| Defendants. | . | |
| ------------------------------------------------------------ X | | |

VALERIE CAPRONI, United States District Judge:

On December 15, 2014, *pro se* Plaintiff Lucia Vlad-Berindan ("Plaintiff") commenced this employment discrimination and retaliation suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). On April 1, 2016, the Court dismissed, *inter alia*, Plaintiff's Title VII discrimination claim and all of her claims against the NYC Metropolitan Transportation Authority. Dkt. 46. This case was initially referred to Magistrate Judge Frank Maas and subsequently reassigned to Magistrate Judge Debra Freeman. Dkt. 8; *see also* ECF, 9/7/2016 Docket Entry.

The remaining Defendants (collectively, "Defendants" or "NYCTA") have filed a motion for summary judgment seeking dismissal of all remaining claims. Dkt. 105. Plaintiff has filed a cross-motion for summary judgment or a default judgment against NYCTA. Dkt. 118. On August 25, 2017, Magistrate Judge Freeman issued a report recommending that Defendants' motion be granted; that Plaintiff's cross-motion be denied; and that the case be dismissed with

1

prejudice.  Report and Recommendation ("R&R"), Dkt. 150.  Approximately two hours before her deadline to file objections to the R&R expired, Plaintiff filed a letter requesting a six-week extension of her time to file objections.  Dkt. 151.  The Court granted a five-day extension, and Plaintiff timely filed objections to the R&R.  Plaintiff's Objections to Magistrate Judge's Report and Recommendation ("Pl. Obj."), Dkts. 153, 154.  For the following reasons, the Court overrules Plaintiff's objections and ADOPTS the R&R in its entirety.

## BACKGROUND

The Court refers the reader to the R&R's excellent and extremely detailed recitation of the factual background in this case.  For the purposes of this Order, the Court summarizes only the most pertinent facts.

In 2013, Plaintiff filed a complaint with the EEOC and a lawsuit in federal court ("Prior Action") alleging that Defendant NYCTA discriminated against her on the basis of her race, color, national origin, age, and disability, by failing to provide her a paralegal internship or contractor position.  R&R 4–5.  Both were dismissed.  R&R 5–6, 6 n.3.

The instant action arises out of Plaintiff's application for a paralegal position at NYCTA.  NYCTA has two types of paralegal positions, an unpaid internship and a paid contractor position, with different hiring practices associated for each.  R&R 9.  For the unpaid internship, there is no formal hiring process: NYCTA attorneys review the applicant's resume, and if any attorney is interested, the applicant is interviewed and selected without any need for a formal written approval or justification process.  R&R 9.  The hiring process for the paid contractor position is more formal: if selected for an interview, the applicant must provide references; after the interview and the references have been checked, the candidate is interviewed again by the Deputy Executive Assistant General Counsel.  R&R 10.  In addition, a paralegal contractor is

hired only upon the execution of a retainer agreement and a Procurement Justification Form, which sets forth a written justification for retaining the paralegal contractor. R&R 10–11.

In 2014, Plaintiff called Miriam Bonett Waters, the NYCTA supervisor responsible for the intern and paralegal contractor hiring process. R&R 6. Plaintiff informed Waters that she, among other things, is a "qualified paralegal" and that she was "interested in having a job." R&R 7 (quoting Plaintiff's deposition). According to Plaintiff, Waters informed her that NYCTA had no available internship positions but did have an opening for a paid paralegal contractor. R&R 6. Plaintiff told Waters that she needed to work as an intern first (because she was enrolled in a class requiring internship hours for her course of study), and she emailed her resume to Waters with the subject line "Seeking Paralegal Internship position." R&R 7–8. Plaintiff thought that because Waters asked for her resume, "it was implied that [Waters was] going to offer [Plaintiff] that [paid] job." R&R 6–7. Waters did not ask Plaintiff for a writing sample or references. R&R 7.

A panel of NYCTA attorneys interviewed Plaintiff. R&R 12. Plaintiff admits that she was not explicitly told during her interview that she was being offered a "paid internship." R&R 13. She nevertheless contends that it was "very clear it was implied during the interview" that she was being interviewed for the paid position because, *inter alia*, the interviewers were aware of her request to complete an internship prior to the paid position, she had informed Waters that she was interested in both positions, and she was asked during her interview how much she was going to be paid. R&R 13–15. It appears that Plaintiff thought that Waters' receipt of her resume and scheduling of an interview meant that Waters had agreed that Plaintiff was being interviewed for an unpaid internship that would be followed by a paid position. R&R 14.

NYCTA offered Plaintiff the unpaid paralegal internship, which Plaintiff accepted. R&R 16–17. Plaintiff interned with NYCTA for approximately six weeks in Spring 2014, from March 2014 to April 2014. R&R 16–17. Although she never discussed a paid paralegal contractor position "directly" with anyone at NYCTA, Plaintiff testified that the circumstances during her internship "implied" that she would be hired for a permanent position. R&R 19. The circumstances that she cites include: "the work [she] received from the attorneys"; NYCTA placed a placard bearing her name on her desk and assigned Plaintiff a work e-mail address; and NYCTA gave her full access to NYCTA files, like "for an employee." R&R 19 (quoting Plaintiff's deposition). Plaintiff "assumed" that she would be hired permanently. R&R 19 (quoting Plaintiff's deposition). Plaintiff was not, however, offered a paid paralegal position upon the completion of her internship. R&R 19. Plaintiff alleges that NYCTA's failure to give her that position was in retaliation for the Prior Action. R&R 19.

The parties dispute when NYCTA first learned of the Prior Action. Plaintiff contends that NYCTA learned of the Prior Action in April 2014, one week prior to the completion of her internship, when NYCTA was served with the Complaint in the Prior Action. R&R 19–20. NYCTA contends that it knew of the federal complaint in the Prior Action as early as February 2014, before Plaintiff started her internship. NYCTA provides as evidence an NYCTA Matter History Report, which reflects docket information regarding the Prior Action that was logged into NYCTA's internal litigation matter system. R&R 20–21. In addition, in claiming that she suffered retaliatory action, Plaintiff contends that she was treated in a "cold" manner at the end of her internship. R&R 22. Plaintiff's examples of "cold" behavior include: Waters's tone and response when Plaintiff informed Waters that she had completed her internship; another attorney's alleged avoidance of Plaintiff and her delay in providing, and comments included in,

4

an evaluation of Plaintiff; and that attorney's delay in completing a law school recommendation form for Plaintiff.  R&R 22–28.  Plaintiff testified during her deposition that after the conclusion of her internship, she did not contact anyone at NYCTA regarding the paid paralegal contractor position.  R&R 29.

Plaintiff alleges that she was not offered employment as a paid paralegal contractor in retaliation for filing the Prior Action.  In support of her contention that she could have been hired for a paid contractor position, Plaintiff references two individuals who completed an internship either prior to, or in conjunction with, a paid paralegal contractor position.  R&R 29–33.  Plaintiff also contends that another person was hired instead of her for a paralegal contractor position that had become vacant around the relevant time.  R&R 36–37.

The R&R recommends granting Defendants' motion for summary judgment because Plaintiff has failed to establish a prima facie case of retaliation.  The R&R also recommends denying Plaintiff's cross-motion for summary judgment or for a default judgment.  For the following reasons, the Court agrees with those recommendations and ADOPTS the R&R in its entirety.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When no timely objections are made to a magistrate judge's report, a district court may adopt the report unless a "clear error on the face of the record" is present. *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)). To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (citation omitted). If "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [magistrate judge's report and recommendations] for clear error." *Id*.

Submissions by *pro se* litigants are construed more leniently than submissions by lawyers and are interpreted to raise the strongest arguments they suggest. *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006); *see also Goldstein v. Hulihan*, No. 09-CV-6824 (CS) (PED), 2011 WL 4954038, at *1 (S.D.N.Y. Oct. 18, 2011). Nevertheless, even a *pro se* litigant's objections to a magistrate judge's report and recommendations "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Goldstein*, 2011 WL 4954038, at *1 (quoting *Pinkney v. Progressive Home Health Servs.,* No. 06–CV–5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Plaintiff has asserted a variety of objections to the R&R, none of which constitutes a specific objection to a proposed finding in the R&R. Plaintiff objects generally that Magistrate Judge Freeman is biased towards Defendants and that she should recuse herself from this case.[1] Pl. Obj. 2–4. Plaintiff contends that Magistrate Judge Freeman was not authorized to issue the R&R because there was no Court Order referring this case to Magistrate Judge Freeman for a

---

[1] Plaintiff also contends that Magistrate Judge Maas, who was previously assigned to this case, exhibited "unhidden favoritism" to Defendants. Pl. Obj. 2.

report and recommendation relative to Defendants' motion for summary judgment. Pl. Obj. 3–7. Plaintiff notes that this Court referred Defendants' motion to dismiss to Magistrate Judge Maas for a report and recommendation but did not refer all dispositive motions to either Magistrate Judge Maas or Magistrate Judge Freeman. Pl. Obj. 5–6.

Plaintiff's insinuation of judicial chicanery is meritless. After Magistrate Judge Maas retired from the bench, this case was reassigned to Magistrate Judge Freeman. A September 7, 2016, docket entry states, "The referral in the above entitled action has been reassigned to Magistrate Judge Debra C. Freeman, for General Pretrial . . . and Dispositive Motion (i.e., a motion requiring a Report and Recommendation). Magistrate Judge Frank Maas no longer referred to the case." ECF, 9/7/2016 Docket Entry.[2] Plaintiffs' objection that Magistrate Judge Freeman's R&R is "a fraud on the court and an abuse of power," Pl. Obj. 7, is overruled as frivolous.

Plaintiff raises four additional "objections" to the R&R. She first objects to the R&R's recommendation to deny Plaintiff's motion for default judgment, which was based on Plaintiff's contention that Defendants failed timely to respond to Plaintiff's Complaint. Pl. Obj. 7–9. Plaintiff, however, simply rehashes her original arguments, considered by Magistrate Judge Freeman, in connection with Plaintiff's motion for default judgment. The Court finds no clear error in the R&R's finding that Defendants timely responded to the Complaint. *See* R&R 55–56.

---

[2] Although that docket entry did not state that *all* dispositive motions were referred to Magistrate Judge Freeman, at that time, Defendants' motion to dismiss had already been decided, and the only dispositive motion that was on the horizon was Defendants' anticipated motion for summary judgment. In addition, to the extent that the referral to Magistrate Judge Freeman was defective, such a defect "is merely procedural" and "may be waived if not timely raised." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 857 (5th Cir. 1991). Plaintiff waived her objection to any defect in the referral by participating in the litigation before Magistrate Judge Freeman, including by requesting extensions of time in connection with the summary judgment motion briefing, *see* Dkt. 113, and by waiting until after Magistrate Judge Freeman had issued the R&R to object. *Id.* ("A party waives his objection when he participates in a proceeding before a magistrate and fails to make known his lack of consent or fails to object to any [] procedural defect in the order referring the matter to the magistrate until after the magistrate has issued her report and recommendations.").

Therefore, the Court ADOPTS the R&R's recommendation to deny Plaintiff's motion for default judgment.

Second, Plaintiff objects that the R&R "misrepresents the facts" because: Defendants' Rule 56.1 Statement was an unsworn statement; and Exhibit T to the Gallagher Declaration, which attached Plaintiff's deposition transcript in two parts ("Exhibit T Pt 1 of 2" and "Exhibit T Pt 2 of 2") and was printed in a format with four pages on a single page, was a "tampered" and forged transcript. Pl. Obj. 9–14. These objections are meritless. The facts set forth in the Rule 56.1 statement must be supported by record evidence, but no federal or local rule requires that the Rule 56.1 statement itself be a sworn statement. *See* Fed. R. Civ. P. 56; Local Civ. R. 56.1. Plaintiff's objection to Exhibit T is also meritless: neither the fact that Plaintiff's deposition transcript was uploaded in two parts nor the fact that the transcript was printed in a "mini-script" format suggests that Exhibit T was tampered with or forged. Those details are consistent with the number of pages of Plaintiff's deposition transcript and ECF's limit on the file size that can be uploaded as a single document.

Plaintiff's third objection is that pages 1 and 73 of Plaintiff's deposition transcripts, which are the title pages of the deposition transcripts, are "mutilated" and "blurred beyond readability," in part because they were printed in the "mini-script" format. Pl. Obj. 14–15. This objection is frivolous; the Court had no problem reading those two pages, as well as the entirety of Plaintiff's deposition transcript. Plaintiff also suggests, as she did before Magistrate Judge Freeman, that Defendants "doctored the transcripts" because Magistrate Judge Maas had ordered that any statement in the deposition transcripts that indicated the testimony had "been taken pursuant to Court Orders" was "deemed stricken." Pl. Obj. 15. The Court agrees with Magistrate Judge Freeman's conclusion that this challenge is meritless. *See* R&R 58–59.

Fourth, Plaintiff objects that the supplemental affidavit of NYCTA employee Richard Harrington was perjured and that the Matter History Report is a forgery.[3] Pl. Obj. 15–19. Although Plaintiff's objections are generally difficult to understand, it appears that she is attacking these documents to support her contention that NYCTA first learned of the Prior Action the week before her internship ended in April 2014. Plaintiff has adduced no evidence to support her theory that these documents were falsified. In addition, and as discussed in the R&R, even if, in fact, NYCTA first learned of the Prior Action in April 2014, her retaliation claims would nevertheless fail because there is no evidence in the record of any purported commitment by NYCTA to hire Plaintiff as a paid paralegal contractor, nor is there any evidence that Plaintiff applied for a specific available position. *See* R&R 68–74. Plaintiff did not object to those proposed findings in the R&R, and the Court finds no error in the R&R's conclusions.

The Court overrules all of Plaintiff's objections for the reasons discussed *supra*.[4] Because Plaintiff has failed to make specific objections to particular, proposed findings in the R&R, the Court reviews the R&R for clear error. Upon careful consideration, the Court finds no clear error in Magistrate Judge Freeman's extremely thorough and well-reasoned R&R. Accordingly, the Court adopts the R&R in full and grants summary judgment to Defendants for the reasons discussed in the R&R.

---

[3] Harrington's supplemental affidavit corrected Harrington's prior affidavit to state that the February 12, 2014, entry on the Matter History Report reflects that the complaint (but not the summons) in the Prior Action was copied from ECF on that day. Dkt. 148.

[4] Plaintiff also contends that because Defendants' motion to dismiss was denied, Defendants are estopped from their "assertion that Plaintiff did not prove her [retaliation] claim." Pl. Obj. 19. Plaintiff confuses the burden of proof on a motion to dismiss with the burden of proof on a motion for summary judgment. To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff need only plausibly allege her retaliation claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At summary judgment, Plaintiff's claim is held to a stricter standard: Plaintiff must show that there is a genuine, triable issue of material fact and that when the evidence is viewed in the light most favorable to her as the non-movant, a reasonable juror could find in her favor. *See* Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The Court's denial of Defendants' motion to dismiss does not "estop" Defendants from moving for summary judgment. And upon careful consideration, the Court concludes that Defendants are entitled to summary judgment as a matter of law for the reasons set forth in the R&R.

## **CONCLUSION**

For the foregoing reasons, the Court ADOPTS the R&R in its entirety. Accordingly, Defendants' motion for summary judgment is GRANTED; Plaintiff's cross-motion for summary judgment or a default judgment is DENIED; and the case is DISMISSED with PREJUDICE. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close this case.

**SO ORDERED.**

Date: September 21, 2017
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**